

2007 Decisions

Opinions of the United
States Court of Appeals
for the Third Circuit

8-15-2007

# In Re: James Riley

Precedential or Non-Precedential: Non-Precedential

Docket No. 07-3098

Follow this and additional works at: http://digitalcommons.law.villanova.edu/thirdcircuit_2007

Recommended Citation

"In Re: James Riley " (2007). *2007 Decisions.* Paper 584.
http://digitalcommons.law.villanova.edu/thirdcircuit_2007/584

This decision is brought to you for free and open access by the Opinions of the United States Court of Appeals for the Third Circuit at Villanova University School of Law Digital Repository. It has been accepted for inclusion in 2007 Decisions by an authorized administrator of Villanova University School of Law Digital Repository. For more information, please contact Benjamin.Carlson@law.villanova.edu.

DLD-335                                                    NOT PRECEDENTIAL

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT
_____

N0. 07-3098
_____

IN RE:  JAMES RILEY,
                                    Petitioner

_____

On a Petition for Writ of Mandamus
(Related to Civ. No. 06-cv-0001)

_____

Submitted Under Rule 21, Fed. R. App. P. or For Possible
Dismissal Due to a Jurisdictional Defect
August 2, 2007

Before:  BARRY, AMBRO and FISHER, CIRCUIT JUDGES.

(Filed: August 15, 2007)
_____

OPINION
_____

PER CURIAM

Pro se petitioner James Riley seeks a writ of mandamus to compel this Court to

recall an order dismissing his appeal at C.A. No. 07-2257.

Riley was notified in his appeal at C.A. No. 07-2257 that he was required to file a

motion demonstrating imminent danger because of his "three-striker status."  Riley failed

to file the required motion, and the Clerk issued an order dismissing the appeal for failure

to timely prosecute.  See LAR 27.6.  Riley filed a motion to re-open, arguing that he did

not have three strikes because the dismissal of his complaint in the District Court and his dismissal of his appeal with this Court were from the same underlying action, and, therefore, only counted as one strike. The Clerk denied his motion to re-open, explaining that the dismissal of his complaint and the dismissal of his appeal are separate strikes pursuant to 28 U.S.C. 1915(g). <u>See</u> LAR 27.6. Riley, in an attempt to again re-open C.A. No. 07-2257, has filed this petition for a writ of mandamus.

The Federal Rules of Appellate Procedure do not provide for review of such a order by filing a writ of mandamus. An appellant may request review of a judgment entered by a court of appeals by filing a petition for writ of certiorari with the Supreme Court in accordance with its rules. <u>See</u> 28 U.S.C. § 1254. Accordingly, we will deny the petition for a writ of mandamus.

To the extent that Riley is seeking review, pursuant to LAR 27.6, of the Clerk's orders in C.A. 07-2257, we have reviewed the underlying orders and find no error.